IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:24-CV-425-BO-RJ

R. WAYNE JOHNSON, )
        Plaintiff, )
 )
v. )     O R D E R
 )
U.S. MARINE CORPS, *et al.* )
        Defendants. )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge Robert B. Jones, Jr. [DE 7]. Plaintiff, who proceeds in this action *pro se*, has objected to the memorandum and recommendation (M&R), and the matter is ripe for disposition.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*,

288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff initiated this action by filing a complaint against the United States Marine Corps and John-Jane Does 1-50. [DE 1]. His complaint cites the Clean Water Act and states that this is not a complaint under the Camp Lejeune Justice Act, but that he has diseases that are not cured and has suffered continuing harm. Plaintiff seeks mandatory victim restitution for crimes upon his body and/or crime victim compensation and penalties under the Clean Water Act. *Id.* Plaintiff was ordered to either pay the filing fee or file a motion to proceed *in forma pauperis*. [DE 2]. Plaintiff filed a motion to proceed *in forma pauperis*, [DE 3], and was subsequently ordered to supplement his complaint because his complaint is insufficient under Fed. R. Civ. P. 8. [DE 4]. Plaintiff was given an extension of time, [DE 6], but no supplemental or particularized complaint was filed by plaintiff within the time provided. Magistrate Judge Jones then entered the instant M&R recommending dismissal of plaintiff's complaint for failure to state a claim.

In his opposition to the M&R, plaintiff challenges the M&R as void and recites case law related to service of process and jurisdiction over party defendants. Plaintiff's argument that the M&R is void because a defendant has not been served is without merit. Plaintiff makes no other specific objection to the M&R. The Court has reviewed the M&R for clear error and finds none. The M&R is therefore adopted.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's objection is overruled and the M&R is ADOPTED in its entirety. The complaint is hereby DISMISSED and the motion to proceed *in forma pauperis* [DE 3] is DENIED AS MOOT. The clerk is directed to close the case.

2

SO ORDERED, this 18 day of April 2025.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE